

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 16, 1958

Honorable Price Daniel
Governor of Texas
Capitol Station
Austin, Texas

Opinion No. WW-416

Re: Whether the funds received
by the State Industrial
Commission in the form of
donations and appropriated
under Senate Bill 484 are
available to the State
Industrial Commission
despite the fact that
Senate Bill 484 was not
submitted to the Comptrol-
ler for certification.

Dear Governor Daniel:

We have received your letter of March 24, in which
you state that the 55th Legislature passed Senate Bill 484,
codified as Article 5190½, Vernon's Civil Statutes, giving
the State Industrial Commission authority to accept contribu-
tions for the purposes set forth in such Act, which contribu-
tions are to be deposited in the State Treasury in a special
fund to be known as the "State Industrial Commission Fund".
You further state that the Comptroller has notified the
Commission that in as much as Senate Bill 484 was not passed
to him for certification, none of the funds received as
donations and deposited in the State Treasury are appropriated
for this biennium, although Senate Bill 484 appropriated no
funds except those received as donations.

You ask our opinion on two questions, substantially
as follows:

1. Is it necessary that a bill, containing an
appropriation of only this type, be passed to the
Comptroller for his certification?

2. If the answer is "no", then is the State
Industrial Commission authorized to expend any
donated funds deposited in the Treasury during
this biennium?

Senate Bill 484, Acts 55th Legislature, Regular Ses-
sion, 1957, Chapter 319, page 782, reads in part as follows:

Honorable Price Daniel, Page 2 (WW-416).

"In addition to its other duties, the State Industrial Commission is hereby authorized to plan, organize and operate a program for attracting and locating new industries in the State of Texas; provided, however, that no State funds shall be used for this purpose. The Commission may accept contributions for such purpose, all of which shall be deposited in the State Treasury in a special fund to be known as the 'State Industrial Commission Fund', and such sums are hereby appropriated to the Commission for the purposes of this Article." (Emphasis added).

Section 49a of Article III of the Constitution of Texas reads in part as follows:

" . . . From and after January 1, 1945, save in the case of emergency and imperative public necessity and with a four-fifths vote of the total membership of each house, no appropriation in excess of the cash and anticipated revenue of the funds from which such appropriation is to be made shall be valid. From and after January 1, 1945, no bill containing an appropriation shall be considered as passed or be sent to the Governor for consideration until and unless the Comptroller of Public Accounts endorses his certificate thereon, showing that the amount appropriated is within the amount estimated to be available in the affected funds. . . . "

It is clear from the underscored portion of Senate Bill 484, above, that the Legislature appropriated no money to such fund or for such purposes, except to the extent that funds were available from specific donations. If there are no donations, nothing is appropriated. If there are donations, that and no more is appropriated.

In our opinion, this appropriation falls within the purview of Attorney General's Opinion O-6626 (1945), which reads, in part, as follows:

"'You will note from the text of House Bill No. 56 that no stated amount is mentioned in the bill and therefore the appropriation could not be in excess of the cash anticipated revenues of the funds from which such appropriation is to be made. The Bill only appropriates the moneys to be

deposited in the affected fund for a given period. The fund is created by existing law and the allocation of revenues directed to be placed in said fund has already been made by existing law. House Bill No. 56 only makes the appropriation of the fund to the purpose for which it was created and only in the amount which may be deposited in the fund. . . . '

" . . .

"It is, therefore, our opinion that H. B. 56 did not require the certificate inquired about."

This interpretation of Section 49a of Article III was followed in Attorney General's Opinion S-64 (1953), which reads, in part, as follows:

" . . . If no balance exists, nothing is appropriated; if a balance does exist, that and no more is appropriated. The only action which the Comptroller could possibly have taken if House Bill 39 had been sent to him for certification would have been to certify that the amount appropriated in this Section was within the anticipated revenue. We think this appropriation falls within the purview of Attorney General's Opinion 0-6626 (1945), which held that an appropriation of all the money coming into a specific fund, without stating any specific amount, did not have to be certified, since the amount appropriated could not possibly exceed the available revenue.

" . . .

" . . . If House Bill 39 had been submitted to the Comptroller for certification, the only action he could have taken would have been to certify that funds for paying this appropriation would be available. In keeping with the import of the holding in Opinion 0-6626, we are of the opinion that certification is not necessary under these circumstances."

In our opinion, and you are so advised, Senate Bill 484, appropriating to the State Industrial Commission accepted contributions deposited in the special fund, known as the "State Industrial Commission Fund", for the specified purposes, is not such an appropriation bill requiring certification by

Honorable Price Daniel, Page 4 (WW-416).

the Comptroller of Public Accounts.

In answer to your questions, it is not necessary that a bill containing an appropriation of only this type be passed to the Comptroller for his certification, and the State Industrial Commission is authorized to expend any donated funds deposited in the State Treasury during this biennium.

## SUMMARY

The funds received by the State Industrial Commission in the form of donations and appropriated under Senate Bill 484, are available to the State Industrial Commission despite the fact that Senate Bill 484 was not submitted to the Comptroller for certification, such certification not being required of this type of appropriation.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Tom I. McFarling
Assistant

TIM:mg:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Arthur Sandlin

B. H. Timmins, Jr.

J. Mark McLaughlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert